**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| MICHAEL DAY, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) Case No. |
| v. | ) ) ) |
| SOUTHERN ILLINOIS HARDWARE, a limited liability company, | ) ) ) |
| Defendant. | ) ) |

**NOTICE OF REMOVAL**

Defendant Southern Illinois Hardware, LLC ("Southern"), by and through their attorneys, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removes the above-entitled case from the Circuit Court of St. Clair County, State of Illinois to the United States District Court of the Southern District of Illinois. In support thereof, Southern states as follows:

**I.      PLAINTIFF'S CLAIMS AND RELIEF SOUGHT**

1.      On November 22, 2019, Plaintiff Michael Day commenced this action against Southern in the Circuit Court of St. Clair County, Illinois, by filing a lawsuit captioned *Michael Day v. Southern Illinois Hardware, LLC,* Case No. 19L0798 (the "State Court Action").

2.      Plaintiff's Class Action Complaint ("Complaint") in the State Court Action alleges that Southern violated the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS § 14/1, *et seq.*, by implementing and maintaining a timekeeping system that collected, stored, and used its Illinois employees' biometric data without (1) informing its employees in writing of the specific purpose and length of time their biometric data were to be collected, stored, and used, (2) providing a publicly available retention schedule and guidelines for permanently destroying its employees' biometric data, and (3) obtaining written consent from its

employees to collect, capture, or otherwise obtain their biometric data. (*See* Exhibit A, Complaint, at ¶¶ 76-103). The alleged biometric data at issue in this case are scans of handprints used by Southern's employees to clock in and out of work each day. (*Id*. at ¶¶ 33-37).

3. Plaintiff alleges that his biometric data was improperly used at least four times each day he worked at Southern: "Each time Plaintiff began and ended his workday, in addition to clocking in an out for lunches, he was required to scan his hand using the biometric timeclock device." (*See* Ex. A at ¶ 37). For himself and each member of the putative class, Plaintiff seeks "statutory damages of $5,000 for *each* intentional and/or reckless violation of BIPA" or, in the alternative, "statutory damages of $1,000 per *each* negligent violation of BIPA[.]". (*Id*. at Prayer For Relief at D, emphasis in original). By using and emphasizing the word "each," Plaintiff is alleging that he and each member of the putative class are entitled to recover multiple statutory penalties, apparently based on the number of shifts they worked at Southern.[1] Plaintiff also seeks injunctive relief, as well as attorneys' fees (which are recoverable by the prevailing party under BIPA).

4. Both in his Complaint and a Motion for Class Certification already filed in the State Court Action (attached hereto as Exhibit B), Plaintiff proposed certification of the following class:

> All persons who were enrolled in the biometric timekeeping system and subsequently used a biometric timeclock while employed/working for Defendant in Illinois during the applicable statutory period.

(*See* Ex. A at ¶ 71; Ex. B at 4). No time restriction is included in this class definition, and the BIPA statute does not contain a statute of limitations provision. However, plaintiffs have taken the position that a five year statute of limitations applies under BIPA, which if accepted here

---

[1] Southern denies that it violated BIPA in any respect, and further denies that, if successful in this suit, Plaintiff and putative class members could each recover multiple statutory penalties.

would result in a proposed class involving all current and former Southern employees whose biometric data was collected or used at any time on or after November 22, 2014.[2] (*See e.g.*, *Patel v. Facebook, Inc.*, Case No. 3:15-cv-3747 (U.S. Dist. Ct. N.D.Cal.), Docket Entry 254-3, at p. 5).

## II.   SOUTHERN'S REMOVAL IS TIMELY

5.      Plaintiff's Complaint was served upon Southern on December 6, 2019. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is filed within 30 days after service of the Complaint on Southern and is, therefore, timely.

## III.  BASIS FOR REMOVAL

6.      As set forth below, removal is proper here under the Class Action Fairness Act (28 U.S.C. § 1332(d), "CAFA"). Pursuant to 28 U.S.C. § 1332(d), removal is proper under CAFA because United States District Courts have original jurisdiction over any class action: (i) involving a plaintiff class of 100 or more members; (ii) where at least one member of the plaintiff class is a citizen of a state different from any defendant; and (iii) in which the matter in controversy exceeds the sum or value of $5 million, exclusive of interests and costs. (28 U.S.C. § 1332(d)). Here, all three of these CAFA prerequisites are satisfied.

### A.   Proposed Class Size

7.      First, this class action involves a proposed class of more than 100 members. As stated above, Plaintiff defined the class as "[a]ll persons who were enrolled in the biometric timekeeping system and subsequently used a biometric timeclock while employed/working for

---

[2] Southern does not agree that BIPA has a five year statute of limitations, and instead contends the two year Illinois limitation period for actions involving a "statutory penalty" (735 ILCS 5/13-202) is applicable here. But for purposes of the amount in controversy requirements of this removal notice only, and without waiver of its right to assert the applicability of the two year limitations in future proceedings in this case, Southern assumes that Plaintiff is seeking to certify a class dating back to November 22, 2014.

Defendant in Illinois during the applicable statutory period." In the five years preceding the filing of Plaintiff's Complaint, over 270 past and present Illinois-based employees of Southern used Southern's timekeeping system under conditions that Plaintiff alleged violated BIPA. (*See* Declaration of Lorrie, attached as Exhibit C, at ¶ 3).

### B.  Minimal Diversity

8. Second, there is minimal diversity between the class plaintiffs and Southern. Southern is a limited liability company organized and existing under the laws of the state of Illinois, with its principal place of business in Columbia, Illinois. (*See* Maag Declaration, Ex. C, at ¶ 6). The sole member of Southern is Joseph Koppeis, an Illinois citizen. *Id*. at ¶ 7. Accordingly, Southern is a citizen of the state of Illinois. On the other hand, putative class member Charley Maxwell, a Missouri citizen, is a former employee of Southern who fits squarely within Plaintiff's class definition. *Id*. at ¶ 4. Minimal diversity therefore exists.

### C.  Amount in Controversy

9. The amount in controversy under CAFA is satisfied if "the matter in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). For purposes of determining the amount in controversy, CAFA expressly requires that "the claims of the individual class members shall be aggregated." 28 U.S.C. § 1332(d)(6).

10. Southern's burden to demonstrate the amount in controversy is low and need show only that there is "a reasonable probability that the stakes exceed the minimum." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005). Indeed, "[a] good-faith estimate is acceptable if it is plausible and adequately supported by the evidence." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011) (citation omitted).

11.     Southern denies the validity and merit of Plaintiff's claims, the legal theories upon which they are based, and that Plaintiff is entitled to any alleged claims for monetary and other relief.  Solely for purposes of removal, however, and without conceding that Plaintiff or the putative class are entitled to damages, the aggregated claims of the putative class establishes, by a preponderance of evidence, that the amount in controversy exceeds the jurisdictional minimum of $5,000,000.00.

12.     Plaintiff seeks multiple $5,000 statutory penalties for each putative class member.  As noted above, there are more than 270 past and present Illinois-based Southern employees who used the Southern timekeeping system at issue in the five years prior to the filing of this case.  Even if each class member is entitled to recover for *only two days* of work (two times clocking in and two times clocking out)—which is four "violations"—the amount in controversy would be over $5 million (270 class members x $5,000 statutory damages x 4 violations = $5,400,000.00).[3]  The jurisdictional amount is satisfied.

## IV.    VENUE AND NOTICE

13.     The United States District Court for the Southern District of Illinois is the appropriate venue for removal of the State Court Action pursuant to 28 U.S.C. § 1441, which permits any civil action brought in any state court in which the District Courts of the United States have original jurisdiction to be removed to the District Court of the United States for the district and division embracing the place where the state court action is pending.  The State Court Action was filed in St. Clair County, Illinois, and Plaintiff worked at Southern's location in Duquoin, Illinois, both of which are within this Judicial District.

---

[3] Southern includes this amount in controversy based solely on Plaintiff's allegations and does not concede Plaintiff's allegations are correct.

14. Pursuant to 28 U.S.C. § 1446(a), the Complaint and Plaintiff's Motion for Class Certification, which constitute all "process, pleadings, and orders" served to date on Southern, are attached hereto as Exhibits A and B.

15. Pursuant to 28 U.S.C. § 1446(d), written notice of this Notice of Removal is being promptly sent to Plaintiff's counsel (by email and Federal Express), and promptly filed with the Clerk of the Court for the Circuit Court of St. Clair County, Illinois.

16. Southern submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, without conceding liability, fault, damages or that Plaintiff has pleaded a claim upon which relief can be granted, and expressly preserving all positions on liability, damages, statute of limitations, and other legal issues, including that class certification is not appropriate.

WHEREFORE, Defendant Southern Illinois Hardware, LLC hereby removes Case Number 19L0798 now pending in the Circuit Court of St. Clair County, Illinois to the United States District Court for the Southern District of Illinois.

Dated: January 3, 2020                            Respectfully Submitted,

                                                  HUSCH BLACKWELL LLP

                                          By:    */s/ Terry Potter*
                                                  Terry L. Potter (#3129064)
                                                  190 Carondelet Plaza, Suite 600
                                                  St. Louis, MO 63105
                                                  Tel: 314.480.1500
                                                  Fax: 314.480.1505
                                                  terry.potter@huschblackwell.com

                                                  *Attorneys for Defendant Southern Illinois Hardware, LLC*

## **CERTIFICATE OF SERVICE**

      This is to certify that on the 3rd day of January 2020, a copy of the above and foregoing was served via email and the Court's electronic (ECF) filing/notification system to:

Brandon M. Wise  
Paul A. Lesko  
818 Lafayette Ave., Floor 2  
St. Louis, MO 63104  
bwise@pwcklegal.com  
plesko@pwcklegal.com  

Attorneys for Plaintiff

                                          */s/ Terry L. Potter*  
                                          Attorney for Defendant